UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| In re: | ) | | |
|---|---|---|---|
| LOWELL JOSEPH DAVIDSON | ) | Case No. | 24-40565-659 |
| | ) | Chapter 13 | |
| | ) | Hearing Date: | August 8, 2024 |
| | ) | Hearing Time: | 11:00 a.m. |
| Debtor | ) | Hearing Loc: | St. Louis – 7th Floor |
| | ) | | North Courtroom |

**FIRST AMENDED CHAPTER 13 PLAN**

| 1.1 | **A limit on the dollar amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor.** | ___ Included<br>_X_ Not Included |
|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest.** | ___ Included<br>_X_ Not Included |
| 1.3 | **Nonstandard provisions set out in Part 5.** | ___ Included<br>_X_ Not Included |

**Part 1.      NOTICES**

**TO DEBTORS:** This form sets out options that may be appropriate in some cases, but the presence of an option does not indicate that the option is appropriate in your circumstances or that it is permissible in the Eastern District of Missouri. **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**TO CREDITORS:** Your rights may be affected by this plan. Your claim may be reduced, **modified, or eliminated.** You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment, you or your attorney must file an objection to confirmation in accordance with the Eastern District of Missouri Local Bankruptcy Rule 3015. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **YOU MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED IN THE PLAN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.**

**Part 2.      PLAN PAYMENTS AND LENGTH OF PLAN**

2.1     **Plan Payments**. **Debtor is to make regular payments to the Chapter 13 Trustee as follows: (complete one of the following payment options)**

   (A)   $803.00 per month for 60 months.

   (B)   $_____ per month for _____ months, then $_____ per month for _____ months, then $_____ per month for _____ months.

   (C)   A total of $_____ through _____, then $_____ per month for _____ months beginning with the payment due in _____, 20____.

2.2    **Tax Refunds**. Within fourteen days after filing federal and state income tax returns, Debtor shall provide the Chapter 13 Trustee with a copy of each return required to be filed during the life of the plan. The Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year.

2.3    **Additional Lump Sums**. Debtor shall send additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.


**Part 3.    DISBURSEMENTS**

Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee will be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 3.5 and fees in paragraph 3.6, those funds may be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:

3.1    **Trustee**.  Pay Trustee a percentage fee as allowed by law.

3.2    **Executory Contract/Lease Arrearages**. Trustee will cure pre-petition arrearage on any executory contract accepted in paragraphs 3.3(A) or (B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD (6 months or less) |
|---|---|---|
| Metro on 5th | $0 | 6 Months |


3.3    **Pay the following sub-paragraphs concurrently:** (Payments to be made by the Trustee under this paragraph shall cease when the proof of claim has been paid in full, the Chapter 13 plan has completed, or the Court so orders.)

(A) **Post-petition real property lease payments**. Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments (which the Debtor shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| Metro on 5th | $1,350.00 |


(B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments (which the Trustee shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
|---|---|---|

(C) **Continuing Debt Payments (including post-petition mortgage payments on real estate, other than Debtor's residence.)** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph 3.5(A). Trustee shall make payments in the amount listed below or as adjusted by the creditor under terms of the loan agreement.

CREDITOR NAME          MONTHLY PAYMENT

(D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence shall be paid at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

CREDITOR NAME          MONTHLY PAYMENT          BY DEBTOR/TRUSTEE

(E) **DSO Claims in equal installments.** Pay pre-petition domestic support obligation arrears (not provided for elsewhere in the plan) in full in equal monthly installments over the life of the plan, estimated as:

CREDITOR NAME          TOTAL AMOUNT DUE          INTEREST RATE

3.4    **Attorney Fees**. Pay Debtor's attorney $1900.00 in equal monthly payments over 18 months (no less than 18 months). Any additional fees allowed by the Court shall be paid pursuant to paragraph 3.6 below. [See procedures manual for limitations on use of this paragraph]

3.5    **Pay the following sub-paragraphs concurrently**:

(A) **Pre-petition arrears on secured claims paid in paragraph 3.3**. Pay pre-petition arrearage on debts paid under paragraphs 3.3(C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the lesser of the plan length or 48 months.

CREDITOR NAME     TOTAL AMOUNT DUE     CURE PERIOD     INTEREST RATE

(B) **Secured claims to be paid in full**. The following claims shall be paid in full in equal monthly payments over the period set forth below with 10.00**%** interest. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| Bridgecrest Acc | $25,453.00 | 60 Months | |

(C) **Secured claims subject to modification**. Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with 10.00**%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 3.9(A), estimated as set forth below. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|
| | | | | |

(D) **Co-debtor debt paid in equal monthly installments**. The following co-debtor claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, such claim(s) shall be paid in equal monthly installments over the period and with interest as identified below:

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|
| | | | | |

(E) **Post Petition Fees and Costs**. Pay any post-petition fees and costs as identified in a notice filed pursuant to Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

3.6    **Additional Attorney Fees**. Pay $2400 of Debtor's attorney's fees and any additional Debtor's attorney's fees allowed by the Court.

3.7    **Pay sub-paragraphs concurrently**:

(A) **Unsecured Co-debtor Guaranteed Claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below:

| CREDITOR NAME | EST TOTAL DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|
| | | | |

(B) **Assigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, will be paid a fixed amount with the balance to be owed by Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s):

| CREDITOR | TOTAL DUE | TOTAL AMOUNT PAID BY TRUSTEE |
|---|---|---|
| | | |

3.8    **Priority Claims.** Pay priority claims allowed under § 507 that are not addressed elsewhere in the plan in full, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE |
|---|---|
| Green County Collector | $200 |
| Missouri Department of Revenue | $800 |
| Internal Revenue Service | $6,936 |

3.9 **Pay the following sub-paragraphs concurrently**:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $69,152.00. Amount required to be paid to non-priority unsecured creditors as determined by §1325(a)(4) hypothetical Chapter 7 liquidation calculation: $0. Amount required to be paid to nonpriority unsecured creditors as determined by §1325(b) calculation: $0. Debtor guarantees a minimum of **$0** (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

(B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s) and requests that the Court grant the creditor(s) relief from the stays under sections 11 U.S.C. §§ 362 and 1301. Any deficiency shall be paid as non-priority unsecured debt. unless noted otherwise below.

- ☐ The Trustee shall stop payment on the creditor's claim until such time as the creditor files an amended claim showing the secured and unsecured deficiency (if any) still owed after sale of the surrendered collateral. (This paragraph shall not be effective unless the box is checked)

CREDITOR				COLLATERAL

(C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance will be paid as non-priority unsecured debt:

CREDITOR				CONTRACT/LEASE

**Part 4.		OTHER STANDARD PLAN PROVISIONS**

4.1    Absent a specific order of the Court to the contrary, the Chapter 13 Trustee, rather than the Debtor, will make all pre-confirmation disbursements pursuant to § 1326(a).

4.2    All creditors entitled to pre-confirmation disbursements, including lease creditors, must file a proof of claim to be entitled to receive payments from the Chapter 13 Trustee.

4.3    The proof of claim shall control the valuation of collateral and any valuation stated in the plan shall not be binding on the creditor.

4.4    The Trustee, in the Trustee's sole discretion, may determine to reserve funds for payment to any creditor secured by a mortgage on real estate pending filing of a claim.

4.5    Any post-petition claims filed and allowed under § 1305 may be paid through the plan.

4.6    Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

4.7    All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328. However, Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not

retain their liens if the court enters an order granting Debtor's request to avoid the liens.

4.8	Title to Debtor's property shall re-vest in Debtor(s) upon confirmation.

## Part 5.	NONSTANDARD PLAN PROVISIONS

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "included" in Part 1 of this Plan:**

**5.1**
_____
_____
_____

**5.2**
_____
_____
_____


## Part 6.	CERTIFICATION

**The debtor(s) and debtor(s) attorney, if any, certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 13 of the Eastern District of Missouri, other than any Nonstandard Plan Provisions in Part 5.**


DATE: 7/9/2024				DEBTOR: /s/ Lowell Joseph Davidson


DATE: 7/9/2024				Respectfully submitted,
					**WESTBROOK LAW GROUP, LLC**

					/s/ Bryan T. Voss
					Bryan T. Voss #48029MO
					Brent S. Westbrook #59400MO
					Attorneys for Debtors
					515 Jefferson Street, Suite C
					Saint Charles, Missouri 63301
					(636) 493-9231 / Fax (636) 493-1758
					bryan@westbrooklawgroup.com
					www.westbrooklawgroup.com

### CERTIFICATION OF SERVICE

I.	I certify that a true and correct copy of the foregoing document was filed electronically on July 9, 2024 with the United States Bankruptcy Court, and has been served on the parties in

interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

II.     I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below on July 9, 2024:

MANDARICH LAW GROUP LLP
P.O. BOX 109032
Chicago, IL 60610

Advance Capital Solutions
555 Market Ave N
Rittman, OH 44270

Advance Surgery Center of Sunset Hills
4594 S Lindbergh Blvd
Saint Louis, MO 63127

Affirm, Inc.
Attn: Bankruptcy
650 California St, Fl 12
San Francisco, CA 94108

Amcol Systems
111 Lancewood Road
Columbia, SC 29210

Amren Missouri
PO BOX 88068
Chicago, IL 60680

Anthony Francis Porto
Mandarich Law Group LLP
PO Box 109032
Chicago, IL 60610

Bank of Missouri
PO BOX 4499
Beaverton, OR 97076

Bank of Missouri
Attn: Bankruptcy
Po Box 309
Perryville, MO 63775

Bridgecrest Acceptance Corp
7300 East Hampton Avenue
Suite 100
Mesa, AZ 85209

Bridgecrest Credit Company, LLC
PO BOX 29018
Phoenix, AZ 85038

Burrell Behavioral Health
5377 State High N, Suite 373
Saint Charles, MO 63304

CKS Prime Investments
1800 Route 34N, Suite 205
Belmar, NJ 07719

Columbia Family Medical Group
303 N Keene St, Suite 301
Columbia, MO 65201

Continental Finance
4550 New Linden Hill Rd.
Wilmington, DE 19808

Continental Finance Company
Attn: Bankruptcy
Po Box 8099
Newark, DE 19714

Credit Collection Services
Two Wells Avenue, Dept 587
Newton Center, MA 02459

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

Cross River Bank
885 Teaneck Road
Teaneck, NJ 07666

Fingerhut
Attn: Bankruptcy
6250 Ridgewood Road
Saint Cloud, MN 56303

First Premier Bank

7

3820 N Louise Ave
Sioux Falls, SD 57107

Florida Dermatology
1450 6th St SE
Winter Haven, FL 33880

Florida Orthopediac
PO BOX 14000
Belfast, ME 04915

Fortiva
Attn: Bankruptcy
Po Box 105555
Atlanta, GA 30348

Greene County Treasurers Office
PO BOX 157
Stanardsville, VA 22973

HCA Medwest Healt
Lee's Summit Med Center
PO BOX 99400
Louisville, KY 40269

Heights Financial
Attn: Bankruptcy
Po Box 1947
Greenville, SC 29602

Internal Revenue Service
Centeralized Insolvency Operation
PO BOX 7346
Philadelphia, PA 19101-7346

Laboratory Corp of America
PO BOX 2240
Burlington, NC 27216

Liberty Finance
1635 Pediatric Drive
#400
Jasper, AL 35501

Lifestance Health
PO BOX 675136
Detroit, MI 48267

Lvnv Funding Llc
Po Box 740281
Houston, TX 77274

MANDARICH LAW GROUP LLP
P.O. BOX 109032
Chicago, IL 60610

Mason Easy Pay
C/O NCO Financial
507 Prudential Road
Horsham, PA 19044

Masseys
PO BOX 2822
Mineral Point, WI 53565

MD Inr
PO BOX 690397
Orlando, FL 32869

Mercy Business Services
1730 E Portland Street
Springfield, MO 65804

Merrick Bank
PO BOX 171379
Salt Lake City, UT 84117

Midland Credit Mgmt
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193

Missouri Dental Specialists, LLC
555 East Green Meadows Rd
Columbia, MO 65201

Missouri Department of Revenue
PO BOX 385
Jefferson City, MO 65105

Mitchell D Bluhm & Associates
2222 Texoma Pkwy, Suite 160
Sherman, TX 75090

Northstar Location Services, LLC
4285 Genesee St
Cheektowage, NY 14225

Personify Financial
Attn: Bankruptcy Department
Po Box 208417
Dallas, TX 92150

Premier Bankcard, LLC
3820 N Louise Ave
Sioux Falls, SD 57107

QC Financial
PO BOX 14948
Lenexa, KS 66285

Quantam 3 Group LLC
Sadnino Funding LLC
PO BOX 788
Kirkland, WA 98083

Receivable Solutions
PO BOX 21608
Columbia, SC 29221

Receivable Solutions
PO BOX 1984
Southgate, MI 48195

Rise
ATTN: Bankruptcy
PO BOX 101808
Fort Worth, TX 76185

RISE Credit
Attn: Bankruptcy
Po Box 101808
Fort Worth, TX 76185

Scolopax LLC
C/O Weinstein and Riley, PC
PO BOX 3978
Seattle, WA 98124

Security Finance
1718 2nd Avenue SW
Cullman, AL 35055

St Louis Othopedics
224 S Woods Mill Road, Suite 255
Chesterfield, MO 63017

Stoneberry
1356 Williams St
Chippewa Falls, WI 54729

The Bank of Missouri
18 W Ste Maries St.
Perryville, MO 63775

Unifin, Inc
PO BOX 4519
Skokie, IL 60076

University of Missouri Health System
PO BOX 807003
Kansas City, MO 64180

University of Missouri Veterinary Hosp
900 E Campus Drive
Columbia, MO 65211

US Bank
Attn: Bankruptcy
Po Box 5229
Cincinnati, OH 45201

US Cellular
16 McLeland Rd
Saint Cloud, MN 56303

Velocity Investments, Llc
Attn: Bankruptcy
1800 Route 34n, Suite 305
Wall, NJ 07719

Volkswagen Credit, Inc
Attn: Bankruptcy
Po Box 3
Hillsboro, OR 97123

Webbank/Gettington
Attn: Bankruptcy
6250 Ridgewood Road
Saint Cloud, MN 56303

/s/ Bryan T. Voss
Bryan T. Voss